**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

vs.  CASE NO.: 8:19-cr-324-T-36SPF

**FREDERYCK ARMANDO SALAZAR VASQUEZ**
_____/

### SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

COMES NOW, the Defendant, FREDERYCK ARMANDO SALAZAR VASQUEZ, by and through undersigned counsel and pursuant to the United States Sentencing Guidelines and 18 U.S.C. S3553(a), and hereby files this Sentencing Memorandum and Motion for Variance in support of a sentence that is sufficient, but not greater than necessary, to comply with the the purposes set forth in the factors to be considered in imposing a sentence. As grounds in support thereof the Defendant presents the following:

**Case History**

The Defendant pled guilty to count one of his indictment for Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine, While on Board a Vessel Subject to the Jurisdiction of the United States.

The Defendant will be before the Court for Sentencing on January 9, 2020 at 10:45 a.m.

The Presentence Investigation Report has calculated a guideline imprisonment range of 87 months to 108 months.

**History and Characteristcs of the Defendant**

The Defendant is 39 years old and a native and citizen of Venezuela. Mr. Salazar Vasquez has six siblings and is the son of Freddy Jose Salazar Salazar, a fisherman, age 60 years old, and Titina Margarita Vasquez, a retired nurse, age 59 years old. The Defendant reports that he was raised by his parents until their divorce and then his grandparents mostly took care of him. The Defendant reports that although his family was poor they always had the basic necessities because of their parent's hard work. The Defendant dropped out of school when he was 14 years old to work as a fisherman and contribute to the families needs. Although the Defendant is single and has no children of his own he does he does help support his siblings and their children.

The presentence investigation report bears out the the Defdendant has no criminal past or suggestion of any obstruction of justice. The Defendant has expressed heartfelt remorse and a desire to cooperate fully in resolving this matter with the United States.  During his proffer he provided detailed and truthful information of the instant trip and more. The Defendant will continue to be available to the United States as a cooperating witness in the near future. It is understood that his assistance will be recognized as substantial.

**Mitigating Circumstances**

Undersigned counsel did object to the lack of an adjustment for his role in the offense, arguing that he should be considered for a minor role in the offense level computation as laid out in the presentence report. In the event that the Court disagrees with the applicability of minor role adjustments under these circumstances, the

Defendant is asking the Court to consider in equity and under 18 USC S 3553(a) and (b)(1) and under the application notes to USSG S3B1.2, Mitigating Role, some adjustment for his role in the offense as a variance.

In this case the Defendant performed a limited function in the criminal activity that he joined. The Defendant's participation in this drug trafficking offense was limited to transporting the drugs. The Defendant's understanding of the scope and structure of this conspiracy was limited to the actual maritime transport. He did not participate in planning or organizing this venture, including not knowing where the drugs were coming from or where they were headed. He had no knowledge of the owners or investors of the cargo. He had no knowledge of where the boats were coming from or how they would be loaded. He also knew nothing of the refuelers that would be involved or to whom he would deliver the merchandise. The Defendant was obviously less culpable than the foregoing participants and the organizers and managers of this conspiracy to transport these drugs.

The Defendant did not exercise any decision making authority and was subject to the orders of the managers and planners of the criminal activity.

Lastly, the Defendant did not have a proprietary interest in the drugs he was transporting. He was to be paid an amount certain to perform the tasks of a mariner.

WHEREFORE, the Defendant prays this Honorable Court to impose a just punishment for this offense that will act as an adequate deterrence to this criminal conduct and protect the public, that can be accomplished with a sentence less than the presentence investigation report's recommended range of 87 months to 108 months.

Respectfully submitted,

*/s/ James J. Armington*
JAMES J. ARMINGTON, ESQUIRE
3410 Ridge Boulevard
Palm Harbor, Florida 34684
(727) 580-4832
FLORIDA BAR NO. 0352926
jamesarmington@tampabay.rr.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 2, 2020, I electronically filed the foregoing with the Clerk of the Court, U.S. District Court, Middle District of Florida, Tampa Division, by using the CM/ECF system with the Clerk of Court, which will send a notice of electronic filing to the Office of the United States Attorney and all other parties of record.

**/s/ James J. Armington**
JAMES J. ARMINGTON, ESQUIRE